## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

AMANDA KAY KUBISIAK,

      Plaintiff,

v.                            Case No: 8:22-cv-2356-WFJ-SPF

BOB GUALTIERI, in his official
capacity, and NATHAN MOWATT,
in his individual capacity,

      Defendants.

_____/

## ORDER

      This matter comes before the Court on Defendants Bob Gualtieri and Nathan

Mowatt's Motion to Dismiss and Strike Allegations, Dkt. 9. Plaintiff Amanda Kay

Kubisiak filed a response in opposition, Dkt. 12, to which Defendants replied, Dkt.

15. Upon careful consideration, the Court denies Defendants' motion.

## BACKGROUND

      The Court recounts the facts as alleged in Plaintiff's Complaint, Dkt. 1-1.

Around midnight on September 23, 2018, Plaintiff received a call from her sister,

Mindy, informing her that Mindy's boyfriend had been pulled over by the Pinellas

County Sheriff's Office. *Id.* ¶¶ 11, 16. Plaintiff states that she drove to the scene

and parked her car in a safe and legal manner. *Id.* ¶ 12. After Plaintiff exited her

vehicle, Defendant Sheriff's Deputy Nathan Mowatt obtained her license and began investigating whether Plaintiff had been driving under the influence. *Id.* ¶¶ 13−14.

Plaintiff alleges that the investigation was largely captured on video by Deputy Mowatt's dash camera. *Id.* ¶¶ 16−17. Plaintiff contends that the video begins by showing the final moments of Plaintiff's first of two Horizontal Gaze Nystagmus ("HGN") tests. *Id.* ¶ 16. Though not caught on video, Plaintiff states that Deputy Mowatt had asked Plaintiff if she was wearing contact lenses during the first HGN. *Id.* ¶ 15. Plaintiff allegedly replied in the affirmative and explained that she had been wearing the same contacts since 9:30 AM the previous day. *Id.* Plaintiff asserts that Deputy Mowatt then "improperly administered [a] second HGN test." *Id.* ¶ 17.

Following the two HGN tests, Plaintiff states that Deputy Mowatt had Plaintiff perform a Walk and Turn test. *Id.* Plaintiff alleges that she can be seen on video informing Deputy Mowatt of a recent surgery on her left knee. *Id.* As Deputy Mowatt gave the Walk and Turn test instructions, Plaintiff claims she stepped back and informed Deputy Mowatt that the movement he asked her to perform caused pain in her left knee. *Id.* However, Plaintiff states that Deputy Mowatt noted this instance in his Field Sobriety Test Form as Plaintiff losing her balance. *Id.*

Plaintiff avers that the video shows that her performance on the Walk and

Turn test, as well as a subsequent One Leg Stand and Finger-to-Nose test, were inconsistent with impairment. *Id.* Plaintiff further notes that her speech was clear and consistent and that she remained polite and cooperative throughout the encounter. *Id.*

Nevertheless, at 1:05 AM on September 23rd, Deputy Mowatt arrested Plaintiff for Driving Under the Influence ("DUI"). *Id.* ¶ 19. Plaintiff was transported to Central Breath Testing, where she states she was subjected to "a visual inspection of [her] mouth and [a] 20-minute observation period." *Id.* ¶ 21. Plaintiff alleges that she provided two breath samples, both of which indicated a blood alcohol level of .000 g/210 L. *Id.*  Deputy Mowatt also had Plaintiff give a urine sample, which was sent to the Pinellas County Forensic Laboratory for a drug screening. *Id.* ¶¶ 22–23. The results of the drug screening, which were not obtained until two months later, showed that Plaintiff did not have drugs in her system. *Id.* ¶ 23.

After providing her breath and urine samples, Plaintiff states that Deputy Mowatt completed a DUI arrest affidavit and issued Plaintiff a uniform traffic citation. *Id.* ¶ 24. Plaintiff was transported to the Pinellas County Jail for booking and released around 10:00 AM on September 23rd. *Id.* ¶ 25. On January 30, 2019, the State Attorney's Office filed a nolle prosequi, dismissing the DUI charge against Plaintiff. *Id.* ¶ 26.

Based on these allegations, Plaintiff brought the present lawsuit against Defendants in the Sixth Judicial Circuit in and for Pinellas County on September 14, 2022. Defendants removed the case to this Court the following month. In Counts I and II, Plaintiff brings false arrest and false imprisonment claims against Pinellas County Sheriff Bob Gualtieri in his official capacity. In Count III, Plaintiff brings a 42 U.S.C § 1983 unlawful seizure claim against Deputy Mowatt in his individual capacity. Defendants now move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a) and move to strike certain allegations from the Complaint under Rule 12(f).

## LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." At the pleading stage, Rule 8 is read in conjunction with Rule 12(b)(6). *Prunty v. Arnold & Itkin LLP*, No. 2:17-cv-506-FtM-99CM, 2017 WL 5971681, at *1 (M.D. Fla. Dec. 1, 2017). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.*

In considering a Rule 12(b)(6) motion, a complaint's well-pled factual allegations are accepted as true and construed in the light most favorable to the

4

plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A court "may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018).

Relatedly, Rule 12(f) provides that a "court may strike from a pleading an insufficient defense of any redundant, immaterial, impertinent, or scandalous matter." A motion to strike is a drastic remedy disfavored by the courts and should only be granted if the matter sought to be omitted has no possible relation to the controversy, may confuse the issues, or may prejudice a party. *Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012). "[W]hen deciding a motion to strike, a court must accept the truthfulness of well-pleaded facts and cannot consider matters beyond the pleadings." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (citations and internal quotes omitted).

## ANALYSIS

### I.  Motion to Dismiss

In their Motion to Dismiss, Defendants contend that Plaintiff's false arrest and false imprisonment claims against Sheriff Gualtieri and § 1983 unreasonable seizure claim against Deputy Mowatt should be dismissed because Deputy Mowatt had probable cause to arrest and detain Plaintiff for DUI. Dkt. 9 at 13−18.

Defendants further posit that Deputy Mowatt is entitled to qualified immunity on Plaintiff's § 1983 claim because, even if he lacked probable cause to arrest and detain Plaintiff, he had *arguable* probable cause to arrest and detain her. The Court considers the sufficiency of Plaintiff's claims against Sheriff Gualtieri and Deputy Mowatt in turn.

### A.  Claims Against Sheriff Gualtieri

In Counts I and II, Plaintiff asserts false arrest and false imprisonment claims, respectively, against Sheriff Gualtieri in his official capacity. Under Florida law, false arrest and false imprisonment are generally "different labels for the same cause of action." *Smart v. City of Miami*, 107 F. Supp. 3d 1271, 1279 (S.D. Fla. 2015) (internal quotes omitted). However, courts have treated the two claims separately in some circumstances. *See id.* at 1280 (false arrest and false imprisonment claims were not identical where plaintiff was lawfully arrested but unlawfully imprisoned); *see also Mathis v. Coats*, 24 So. 3d 1284, 1289 (Fla. 2d DCA 2010) (explaining that "false arrest is only one of several methods of committing false imprisonment").

Probable cause is an absolute bar to both false arrest and false imprisonment claims. *Rankin v. Evans*, 133 F.3d 1425, 1436 (11th Cir. 1998). "Probable cause exists when the facts and circumstances within the police officer's knowledge 'warrant a reasonable belief that the suspect had committed or was committing a

crime.'" *Atterbury v. City of Miami Police Dep't*, 322 F. App'x 724, 727 (11th Cir. 2009) (quoting *Case v. Eslinger*, 555 F.3d 1317, 1324−25 (11th Cir. 2009)).

Turning first to Plaintiff's false arrest claim, Defendants aver that Deputy Mowatt's dash camera video contradicts Plaintiff's allegations and establishes that Deputy Mowatt had probable cause to arrest Plaintiff for DUI. The video is both referenced in and central to Plaintiff's Complaint, and its authenticity is not disputed. Accordingly, the Court may consider the video without converting Defendants' Motion to Dismiss into one for summary judgment. *See Hi-Tech Pharms.*, 910 F.3d at 1189. At the motion to dismiss stage, the video is viewed in the light most favorable to Plaintiff. *Robinson v. City of Huntsville*, No. 21-13979, 2022 WL 3867584, at *3 (11th Cir. Aug. 30, 2022). Nevertheless, where the video contradicts any "general and conclusory" allegations in Plaintiff's Complaint, the video controls. *See Infante v. Bank of Am. Corp.*, 468 F. App'x 918, 921 n.2 (11th Cir. 2012).

Upon careful review, the Court cannot say that Plaintiff's allegations of false arrest are contradicted by the video. The video supports Plaintiff's allegation that her "normal faculties were not impaired." Dkt. 1-1 ¶ 17. The video shows Plaintiff remaining coherent and composed throughout the encounter. *See* Dkt. 9-4. Further, during the instances in which Plaintiff is seen standing or walking on camera, she does not stumble or otherwise appear unsteady. *See id.*

The video also lends support to Plaintiff's allegations that her performance on the field sobriety tests "was inconsistent with impairment" and that "conflicts exist between the facts as reported by Deputy Mowatt and the facts demonstrated by the video[.]" Dkt. 1-1 ¶ 17. For example, the video corroborates Plaintiff's assertion that she did not lose her balance while Deputy Mowatt provided instructions for the Walk and Turn test, despite what Deputy Mowatt indicated on the Field Sobriety Test Form.[1] *Compare* Dkt. 9-4 *with* Dkt. 9-1. Similarly, while Deputy Mowatt marked Plaintiff as having used her arms for balance during the Walk and Turn test, Dkt. 9-1, this does not appear to be the case, *see* Dkt. 9-4. These discrepancies raise concerns regarding the scoring of Plaintiff's field sobriety tests. The video is not the conclusive proof of probable cause to arrest that Defendants purport it to be.

Viewing Plaintiff's allegations in conjunction with the video, Plaintiff has stated a claim for false arrest. Given Plaintiff has stated a claim in Count I for false arrest for DUI, she has also necessarily stated a claim in Count II for false imprisonment based on her subsequent detainment for DUI. Defendants' Motion to Dismiss is denied as to Counts I and II.

---

[1] Like the dash camera video, the Field Sobriety Test Form (Dkt. 9-1) is of undisputed authenticity and central to and referenced in Plaintiff's Complaint, permitting the Court's consideration of the document at the motion to dismiss stage. *See Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018).

### B.  Claim Against Deputy Mowatt

Plaintiff's Count III is a § 1983 unreasonable seizure claim against Deputy Mowatt in his individual capacity. "Section 1983 creates a private cause of action for deprivations of federal rights by persons acting under color of state law." *Laster v. City of Tampa Police Dep't*, 575 F. App'x 869, 872 (11th Cir. 2014) (citing 42 U.S.C. § 1983). Both arrests and detentions qualify as seizures under the Fourth Amendment. *Ashcroft v. Al-Kidd*, 563 U.S. 731, 735 (2011); *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 917−18 (2017).

Defendants contend that Plaintiff's § 1983 claim must fail because Deputy Mowatt is entitled to qualified immunity. Dkt. 9 at 19−20. To be shielded by qualified immunity, Deputy Mowatt need only show he had arguable probable cause to arrest and detain Plaintiff. *See Richmond v. Badia*, 47 F.4th 1172, 1181 (11th Cir. 2022). Arguable probable cause exists where a reasonable officer in the same circumstances and with the same knowledge as the defendant officer could have thought there was probable cause to arrest and detain. *Id.* With qualified immunity being raised at the motion to dismiss stage, the Court must accept as true Plaintiff's factual allegations. *See Estate of Cummings v. Davenport*, 906 F.3d 934, 939−40 (11th Cir. 2018) (citation omitted).

As noted above, Plaintiff's Complaint alleges that Deputy Mowatt, among other things, wrongly indicated on the Field Sobriety Test Form that Plaintiff lost

her balance during the Walk and Turn test and reported facts on the Field Sobriety Test Form that conflict with what is depicted in the video. The Court has already determined that these allegations are not contradicted by the video. Accepted as true and in light of the video, these allegations raise questions surrounding Deputy Mowatt's scoring of the field sobriety tests. If Plaintiff's allegations are ultimately proven true, no reasonable officer could have believed there was arguable probable cause to arrest Plaintiff for DUI.

Moreover, even if there existed arguable probable cause to arrest Plaintiff for DUI, a question remains as to whether there was arguable probable cause to continue to detain Plaintiff after her two breath samples yielded blood alcohol levels of .000 g/250 L.[2] Though Defendants assert that Deputy Mowatt could have continued to detain Plaintiff believing she was impaired by drugs instead of alcohol, Dkt. 9 at 18, Plaintiff's contention that her arrest was only based on supposed alcohol impairment is not undermined by the video or Field Sobriety Test Form, *see Dkts.* 9-1 & 9-4.

For these reasons, Deputy Mowatt is not entitled to qualified immunity at this stage, as Plaintiff has viably alleged an absence of arguable probable cause concerning both her arrest and continued detainment for DUI. Though Deputy

---

[2] The breath sample results (Dkt. 9-2) are of undisputed authenticity and central to and referenced in Plaintiff's Complaint, permitting the Court's consideration of the results at the motion to dismiss stage. *See Hi-Tech Pharms.*, 910 F.3d at 1189.

Mowatt may choose to reassert his qualified immunity claim at summary judgment, Defendants' present Motion to Dismiss is denied as to Count III.

## II. Motion to Strike

Defendants also move to strike certain allegations within Plaintiff's Complaint. Specifically, Defendants request that this Court strike Plaintiff's allegations concerning the results of her breath samples and urine sample, as well as the dismissal of her DUI charge by nolle prosequi. Dkt. 9 at 21–22. Defendant asserts that these allegations are "irrelevant, immaterial, and impertinent, would only serve to confuse the issues, and could not be put in issue or given in evidence in this case." *Id.* at 22.

With motions to strike being strongly disfavored, the Court declines to strike these allegations. These allegations are not unrelated to Plaintiff's claims and do not cause confusion or prejudice at this stage. *See Schmidt*, 289 F.R.D. at 358. The Court ultimately does not find these allegations to be "redundant, immaterial, impertinent, or scandalous" such that they should be stricken under Rule 12(f).

To the extent that Defendants assert that evidence of the breath samples, urine sample, and nolle prosequi dismissal would be inadmissible, Defendants have not provided the Court with any binding authority holding that only admissible evidence is permitted at the pleading stage. Defendant's request is more appropriately addressed as an evidentiary matter at a later point.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss and Strike Allegations, Dkt. 9, is **DENIED**. Defendants shall answer Plaintiff's Complaint within **fourteen (14) days**.

**DONE AND ORDERED** at Tampa, Florida, on December 1, 2022.


*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**


**COPIES FURNISHED TO:**
Counsel of Record